IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LESLIE A. M.,

Plaintiff,

v.

Civil Action No.
5:23-CV-375 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF

AMDURSKY, PELKY LAW FIRM
26 East Oneida Street
Oswego, NY 13126

AMY CHADWICK, ESQ.

FOR DEFENDANT

SOCIAL SECURITY ADMIN.
6401 Security Boulevard
Baltimore, MD 21235

FERGUS KAISER, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on April 16, 2024, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not

[1] This action is timely, and the Commissioner does not argue otherwise. It has been treated in accordance with the procedures set forth in the Supplemental Social Security Rules and General Order No. 18. Under those provisions, the court considers the action procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: April 22, 2024
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

LESLIE M.,

Plaintiff,

-v- 5:23-CV-375

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------x

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
April 16, 2024
100 South Clinton Street, Syracuse, NY 13261

For the Plaintiff:

AMDURSKY, PELKY LAW FIRM
26 East Oneida Street
Oswego, New York 13126
BY: **AMY CHADWICK, ESQ.**

For the Defendant:

SOCIAL SECURITY ADMINISTRATION
26 Federal Plaza
Room 3904
New York, New York 10278
BY: **FERGUS J. KAISER, ESQ.**

(The Court and all parties present by telephone. Time noted: 11:26 a.m.)

THE COURT: All right. Let me begin by commending counsel for excellent and spirited oral argument. You've addressed all of the issues and squarely presented the instances in which you disagree between yourselves.

Before I give you my decision, the issue of consent was raised. I pointed out to the parties that the consent form that was signed by plaintiff's counsel -- we have a blanket consent from the Commissioner of Social Security to a magistrate judge deciding cases on consent. Plaintiff's counsel indicated that she consents to me, notwithstanding that the original form was for Judge Dancks to decide the case.

I have before me a challenge to a Commissioner's determination pursuant to 42, United States Code, Section 405(g).

The background is as follows: Plaintiff was born in December of 1969. She is currently 54 years of age. She was between 49 and about 52 during the relevant period in this case. Plaintiff is married. She lives with her husband and a 30-year-old son in Fulton, New York. She stands 5'5" in height and at various times weighed 180 pounds, but she lost weight and was down to 164 pounds more recently. At one time she was considered obese, but I think she has fallen out of that category based on her weight loss. Plaintiff has an 11th grade

education and did secure a GED. While in school, she attended regular classes. Plaintiff has a driver's license, but testified that she stopped driving in March of 2021. Plaintiff is left-handed.

Plaintiff stopped working in August of 2016. While employed, she worked as a factory worker, a machine operator. She worked in an office job where she was an assistant, and that was after surgery, and she was also an administrative clerk.

Physically, plaintiff suffers from back pain, neck pain, hip pain radiating into her legs, fibromyalgia, and migraines. She suffered a Workers' Compensation injury of her neck and lumbar area in 2010. She underwent an anterior cervical discectomy at level C4, 5, 6, and 7 in November of 2012. That appears at page 371 of the Administrative Transcript. She has since undergone some injections to control pain and had a spinal cord stimulator implanted in November of 2020. That's at 916. It was turned off in August of 2021 because it was causing problems, including, I guess, spasms.

Mentally, plaintiff does not suffer from any significant mental condition. She is being treated for some mild depression associated primarily with her pain by her primary physician. She takes Cymbalta and Wellbutrin for depression. Her mental condition does not appear to be at issue in this case.

Plaintiff has received treatment from Oswego Health,

Dr. Michael Diaz, from May of 2020 forward for orthopedic issues. And her primary physician is Dr. Douglas Guenter, and she has seen Dr. Guenter of Oswego Family Physicians since September of 2010. She has also received treatment from Upstate Comprehensive Pain Management.

In terms of activities of daily living, plaintiff is able to shower, dress, groom. She does some cooking, some shopping. She's able to sit outside, watch television, listen to the radio, and she does some cleaning.

Procedurally, plaintiff applied for Title II benefits on June 15, 2020, alleging disability based on fibromyalgia; cervical discectomy with fusion and plating, C4 through 7; osteoarthritis; thoracic and lumbar spinal stenosis; multiple disc herniations; degenerative disc disease; migraines; severe depression; chronic pain; and plantar fasciitis.

Prior applications were filed and denied on March 10, 2017, that resulted in an unfavorable ALJ decision on January 22, 2019, and denial of plaintiff's application for review by the Social Security Administration Appeals Council. The Administrative Law Judge in this case found no basis to re-open that prior application.

A hearing was conducted to address the most recent filing on November 29, 2021, by Administrative Law Judge Elizabeth Koennecke. A second hearing was conducted on March 2, 2022, during which testimony from a vocational expert was

elicited. ALJ Koennecke issued an unfavorable decision on March 14, 2022. That became a final determination of the Commissioner on February 9, 2023, when the Social Security Administration Appeals Council denied plaintiff's request for a review. This action was commenced on March 24, 2023, and is timely.

In her decision, ALJ Koennecke applied the familiar five-step sequential test for determining disability. She first noted that plaintiff's last insured status was December 31, 2021, and therefore identified the relevant period as January 23, 2019, through December 31, 2021.

At step one, she found plaintiff had not engaged in substantial gainful activity since January 23, 2019.

At step two, she found that plaintiff suffers from degenerative disc disease of the cervical and lumbar spine and osteoarthritis of the hips and fibromyalgia, constituting severe impairments that impose more than minimal limitations on plaintiff's ability to perform basic work functions. She found that plaintiff no longer meets the definition of obese and she rejected plantar fascial fibromatosis, migraines, thoracic spine issues, hand issues, and the mental health issues alleged. She did note, however, that notwithstanding her finding at step two, she did consider all of plaintiff's medically determinable impairments when analyzing her ability to perform work functions.

At step three, ALJ Koennecke concluded that plaintiff is unable to meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, specifically considering listings 1.15, 1.16, and 1.18. ALJ Koennecke next determined that plaintiff retains the residual functional capacity to perform sedentary work, except she could only occasionally climb ramps, stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl.

Applying that RFC, and with the aid of a vocational expert, plaintiff was determined unable to perform her past relevant work, which were characterized as material hander, extruder operator, administrative clerk, and file clerk.

At step five, the Administrative Law Judge determined that plaintiff does have work skills that are transferrable, and in accordance with the testimony of the vocational expert, determined that plaintiff is able to perform available work in the national economy, citing as representative positions those of appointments clerk, routing clerk, and receptionist. She noted, also, that even if you added a sit/stand option to the residual functional capacity, those jobs would still be available.

The Court's function in this case, as you know, is limited, the standard that I apply is extremely deferential, and I must determine whether correct legal principles were applied,

and the resulting determination is supported by substantial evidence.

Plaintiff's contentions in this case are multiple. She challenges the step five determination based on the vocational expert's testimony, claiming that there are no transferrable skills possessed by the plaintiff and therefore based on the Medical-Vocational Guidelines, when she turned 50, the grids, or Medical-Vocational Guidelines, would dictate a finding of disability.

She challenges the step two determination and the finding that plaintiff's thoracic impairment and SI joint dysfunction -- well, the thoracic impairment was not severe and the SI joint dysfunction was not at all addressed by the Administrative Law Judge.

Thirdly, she challenges the evaluation of the medical evidence of record, and specifically the finding that Dr. Lorensen's opinion was persuasive and Dr. Guenter's was not, arguing that there was insufficient explanation and no compliance with the medical guidelines.

The fourth contention is that the RFC is unsupported because it did not include a sit/stand option and a reaching limitation, the latter pursuant to Dr. Lorensen's opinion. I'll first address step five. The Administrative Law Judge relied on the testimony of a vocational expert. The vocational expert testified, I believe at page 77 of the Administrative

Transcript, that plaintiff does possess transferrable skills. In my view, the Administrative Law Judge was entitled to rely on that testimony and reject the argument of no transferability and the plaintiff's reliance on the grids, or Medical-Vocational Guidelines.

Step two, I'll note that there is some indication that there are issues with both plaintiff's thoracic spine and SI joint dysfunction, the latter of which was not addressed at all, however, it's plaintiff's burden to establish limitations through step four, and the mere presence of an impairment does not necessarily translate to additional limitations that were not included in the RFC. In this case, I think the step two determination is supported by substantial evidence, but let's assume that it is not, any error in that regard would be harmless because there were severe limitations found, the Administrative Law Judge did proceed through the five-step sequential analysis, and specifically stated that she considered all medically determinable impairments whether or not she found them severe. So in my view, that would be harmless.

I have a little bit more of a problem with the residual functional capacity finding. It does not include any limitation on reaching. Reaching is a nonexertional impairment that must be considered under 20 C.F.R. Section 404.1569a(c)(vi). The Administrative Law Judge found that Dr. Lorensen's medical source statement was persuasive. It includes

moderate limitation for reaching. That's at page 701 of the Administrative Transcript. The Administrative Law Judge analyzes that opinion at the bottom of 24 and the top of 25. She notes Dr. Lorensen's moderate limitation opinion concerning reaching, finds the opinion persuasive, and does not indicate why she did not include that in either the RFC or the hypothetical posed to the vocational expert.

As the Court found in *Rowe v. Colvin*, 166 F. Supp. 3d 234 from May 12, 2016, quote, "a hearing officer properly must incorporate non-exertional impairments - which include 'difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.'" In that case, Judge William Young, sitting in this court by designation, noted that when a hearing officer fails to explain discrepancies between the adoption of a consultative examination opinion and the RFC, it must be explained. The failure to explain constitutes a basis to remand.

I know that the Commissioner has argued that moderate limitations in reaching are not inconsistent with sedentary work, however, the cases cited involved light work. The sedentary work is defined by regulation as follows: "Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined

as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria were met," 20 C.F.R. Section 404.1567(a). And subsequent rulings have clarified that sedentary work generally involves periods of standing or walking for no more than about two hours of an eight-hour workday and sitting up to a total of approximately six hours in a similar period, SSR 96-9p. So, as you can see, the definition of sedentary work does not speak to reaching.

I find that there was a duty to explain. There's no explanations for not reaching. Dr. Gallagher and Dr. Naroditsky, the two state agency consultants, did not address reaching one way or the other. And notwithstanding the argument raised by the Commissioner, I'm not sure that a moderate limitation in reaching is consistent with the three positions, for example, that were cited by the vocational expert.

This Court, District Judge Suddaby, found in *Peterson v. Astrue*, 2 F. Supp. 3d 223, from September 25, 2012, Northern District of New York, concluded that an opinion of moderate limitation for reaching is at odds with the conclusion that plaintiff retains the RFC to perform sedentary work.

It was similarly noted by Magistrate Judge Andrew T. Baxter of this court in *Robert S. v. Commissioner of Social*

*Security*, 2019 WL 4463497, from September 18, 2019, in footnote six, there was a conclusion that moderate limitation for reaching does not support an ALJ's conclusion that plaintiff retains the RFC to perform sedentary work.

And I note that the Dictionary of Occupational Titles for entry for all three positions, appointment clerk/237.367-010, routing clerk/249.367-070, and receptionist/237.367-038, all note that those positions require frequent reaching which is defined as one-third to two-thirds of the time.

So in my view, moderate limitation for reaching should have been included in the RFC and should have been presented to the vocational expert who might have testified, as the Commissioner now argues, that a moderate limitation in reaching does not preclude plaintiff from performing the three positions identified, but I think that that needs to be fleshed out with a vocational expert rather than a lay opinion, so I find that to be an error and a basis to remand.

I also find error in the analysis of the medical opinions of record, and in particular, the rejection of Dr. Douglas Guenter's medical source statement from December 16, 2021, which appears at 1193 through 1195 of the Administrative Transcript. It is wholly inconsistent with plaintiff's ability to perform sedentary work. It provides that plaintiff can only sit, stand, and walk less than two hours in an eight-hour

workday, she would require unscheduled breaks every half hour for five to ten minutes, she can rarely reach, including overhead, she'd be absent more than four days per month.

The Administrative Law Judge rejected that opinion of a longtime treating source by simply stating, "the undersigned notes that the purpose of this visit" -- this is when the form was prepared -- "was to have paperwork completed at the request of the representative after the hearing had already been conducted. No exam was performed, no testing was done, the questions were just completed. For these reasons, the undersigned does not find this assessment persuasive." I find that explanation wholly unsatisfactory. This is someone who has been a primary physician to the plaintiff since September 1, 2010. That's at 300. Prior to the date in question when the form was prepared, according to my review of the records, plaintiff had 14 visits during the relevant period with Dr. Guenter and underwent multiple X-rays and MRIs.

The Commissioner makes a facially appealing argument for why Dr. Guenter's opinion is not persuasive and not consistent with the records, but that's post hoc reasoning. We have no idea whether the Administrative Law Judge in this case compared the opinion of Dr. Guenter to his treatment records over that period and since September 1, 2010. I know that the regulations that took effect in March of 2017 abrogated the treating source rule, but cases since then emphasize that it is

still important to consider the opinion of an ongoing treating source who has had historical knowledge of the plaintiff's condition, so I also find error in the ALJ's treatment of Dr. Guenter's medical source statement and believe the matter should be remanded for a further fuller evaluation of the consistency and supportability of that opinion.

So for these two reasons, I find that the resulting determination is not supported by substantial evidence and was not the product of correct legal principles and will grant judgment on the pleadings to the plaintiff, order that the Commissioner's determination be vacated, and that the matter be remanded. I'll issue a short form order and attach the transcript of this decision to it shortly.

Again, thank you, both, for excellent presentations and I hope you have a wonderful day.

THE COURTROOM DEPUTY: Court is adjourned.

(Time noted: 11:51 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 16th day of April, 2024.

s/ Hannah F. Cavanaugh

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter